IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

|  |  |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, 10 S. Howard Street, 3rd Floor Baltimore, MD 21201, <br><br>                    Plaintiff, <br><br> v. <br><br> PROFESSIONAL MEDIA CORPORATION T/A YOUR HEALTH MAGAZINE 4201 Northview Drive, Suite 401 Bowie, MD 20716 <br><br>                    Defendant. | Civil Action No. <br><br> RWT10CV2689 <br><br> **COMPLAINT** <br><br> **JURY TRIAL DEMAND** |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act ("ADA") of 1990, as amended through the ADA Amendments Act of 2008 ("ADAAA"), and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices and to provide appropriate relief to Kimberly Roberts, who was adversely affected by such practices. The United States Equal Employment Opportunity Commission ("EEOC" or "Commission") alleges that Defendant Professional Media Corporation, t/a Your HEALTH Magazine unlawfully discriminated against Roberts by harassing and discharging her from her position as bookkeeper because of her disability. The Commission also alleges that Defendant is violating the ADA by utilizing selection criterion for the unlawful purpose of screening out newly hired employees with disabilities.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f) (1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f) (1), (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981A.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Maryland, Southern Division.

## PARTIES

3. Plaintiff, the United States Equal Employment Opportunity Commission, is an agency of the United States of America charged with the administration, interpretation, and enforcement of Title I and Title V of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f) (1) of Title VII, 42 U.S.C. § 2000e-5(f) (1).

4. At all relevant times, Defendant, Professional Media Corporation, t/a Your HEALTH Magazine, has continuously been a corporation doing business within the State of Maryland with at least fifteen (15) employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. § 2000e(g), and (h).

6. At all relevant times, Defendant has been a covered entity within the meaning of Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

7. More than thirty days prior to the institution of this lawsuit, Kimberly Roberts ("Roberts") filed a charge with the Commission alleging violations of Title I of the ADA by the Professional Media Corporation, t/a Your HEALTH Magazine. All conditions precedent to the institution of this lawsuit have been fulfilled.

8. At all relevant times, Roberts has been a qualified individual with a disability within the meaning of the ADA.

   a. Roberts has Attention Deficit Hyperactivity Disorder ("ADHD") and Auditory Processing Disorder ("APD").

   b. As a result of her ADHD and APD, Roberts is substantially limited in the major life activity of concentrating when viewed without mitigating measures.

9. In February 2008, Defendant hired Roberts as a bookkeeper. Roberts was at all times willing and able to perform the essential functions of her position with or without a reasonable accommodation.

10. Since at least August 2008, when Defendant learned that Roberts has ADHD and APD, Defendant has engaged in unlawful employment practices at its facility, in violation of Sections 102(a) of Title I of the ADA, 42 U.S.C. § 12112(a). These practices include:

   a. subjecting Roberts to a hostile work environment that was sufficiently severe or pervasive to alter a term, condition, or privilege of employment because of her disability and because Defendant regarded her as substantially limited in the major life activity of working. The hostile work environment included, but was not limited to, Defendant's owner telling

Roberts she could not do her job because she had ADHD, speaking to Roberts in a condescending and abusive manner, throwing papers and pencils in her direction, belittling her in front of co-workers, and intimidating her. The hostile work environment culminated in her termination; and

    b.    discharging Roberts from her position because of her disability and because it regarded her as substantially limited in the major life activity of working.

    11.    Since at least August 2008, Defendant has violated 42 U.S.C. § 12112(b) (6) by requiring newly-hired employees to sign a health warranty stating that "he/she has no existing medical condition which would affect job performance. And, that employee is not required to take any drugs, or narcotics, for any medical, physical or psychological disorder which would affect job performance."

    12.    The effect of the practices complained of above in paragraph 10 has been to deprive Roberts, a qualified individual with a disability, of equal employment opportunities and otherwise adversely affect her rights under the ADA and the ADAAA resulting in expenses incurred due to the loss of wages, loss of health insurance, emotional pain, suffering, inconvenience, mental anguish, embarrassment, frustration, humiliation, and loss of enjoyment of life.

    13.    The effect of the practices complained of above in paragraph 11 has been to deprive the newly-hired employees of equal employment opportunities and otherwise adversely affect their rights under the ADA and the ADAAA resulting in expenses incurred due to emotional pain, suffering, inconvenience, mental anguish, embarrassment, frustration, humiliation, and loss of enjoyment of life.

14. The unlawful employment practices complained of in paragraphs 10 and 11 were intentional.

15. The unlawful employment practices complained of in paragraphs 10 and 11 were done with malice or with reckless indifference to the federally protected rights of Roberts and of the class of individuals required to sign this warranty.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all persons in active concert or participation with them, from engaging in any employment practice that discriminates on the basis of a disability;

B. Order Defendant to implement non-discriminatory, objective, written policies and practices regarding the terms and conditions of employment and sign and conspicuously post, for a designated period of time, a notice to all employees that sets forth the remedial action required by the Court and inform all employees that it will not discriminate against any employee because of a disability, including that it will comply with all aspects of the ADA;

C. Grant a permanent injunction enjoining Defendant from requiring employees to warrant that they have no existing medical conditions which would affect job performance and/or that they were not required to take drugs or narcotics for any medical, physical or psychological disorder;

D. Order Defendant to make whole Roberts by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices;

E.   Order Defendant to reinstate Roberts or make her whole by providing her with front pay, in amounts to be determined at trial, to eradicate the effects of Defendant's unlawful employment practices;

F.   Order Defendant to make whole Roberts by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial;

G.   Order Defendant to make whole Roberts by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of above, including but not limited to, emotional and mental anguish, pain and suffering, humiliation, loss of enjoyment of life, embarrassment, frustration, and humiliation in amounts to be determined at trial;

H.   Order Defendant to pay Roberts punitive damages for its callous indifference to her federally protected right to be free from discrimination based on disability in the workplace;

I.   Order Defendant to pay compensatory and punitive damages to a class of individuals who were harmed by Defendant's requirement that they sign a health warranty as a condition of employment in violation of 42 U.S.C. § 12112(b)(6) of the ADA;

J.   Grant such further relief as the Court deems necessary and proper; and

K.   Award the Commission its costs in this action.

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

_____
DEBRA M. LAWRENCE
Regional Attorney

_____
REGINA M. ANDREW
Senior Trial Attorney
Bar No. 7756
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
10 S. Howard Street, 3rd Floor
Baltimore, Maryland 21201
(410) 209-2724 (phone)
(410) 962-4270 (fax)
Regina.Andrew@eeoc.gov